T.C. Memo. 2010-130

UNITED STATES TAX COURT

RONALD F. MARASCALCO AND REBECCA MARASCALCO, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5631-08L.                    Filed June 15, 2010.

<u>James G. McGee, Jr.</u>, for petitioners.

<u>Horace Crump</u>, for respondent.

MEMORANDUM OPINION

JACOBS, <u>Judge</u>:  In this matter petitioners seek review of
respondent's determination to proceed with the filing of a tax
lien to collect petitioners' unpaid income taxes, additions to
tax, and interest.  The case was submitted fully stipulated
pursuant to Rule 122.

The issue for determination is whether respondent's settlement officer (the settlement officer) abused her discretion in rejecting petitioners' proposed installment agreement as a collection alternative.

All Rule references are to the Tax Court Rules of Practice and Procedure, and all section references are to the Internal Revenue Code (Code) as amended.

## Background

The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time they filed their petition, petitioners resided in Mississippi.

Petitioner husband, a dermatologist, owns 100 percent of Ronald F. Marascalco, MPAS, PAC, PLLC, a clinic offering dermatology services. The record does not reveal the employment status of petitioner wife.

The unpaid liabilities that give rise to this matter resulted from Federal income taxes, additions to tax for failure to file, additions to tax for failure to pay tax, additions to tax for failure to make timely estimated payments relating to tax returns filed by petitioners, and statutory interest for years 2003 to 2006. In addition to tax liabilities for the years at issue, petitioners had unpaid tax liabilities for 2001 and 2002.

On September 4, 2007, respondent sent petitioners Letter 3172, Notice of Federal Tax Lien Filing and Your Right to a

Hearing Under IRC 6320, with respect to their unpaid Federal tax liabilities for years 2003 to 2006. In response, on October 1, 2007, petitioners requested a collection due process (CDP) hearing and proposed entering into an installment agreement as a collection alternative.

While waiting for a reply from the settlement officer, petitioners purchased a house on October 19, 2007. The house was subject to a 30-year mortgage that extended until 2037.

Petitioners submitted Form 433-A, Collection Information Statement for Wage Earners and Self-Employed Individuals, dated January 2, 2008, and an undated Form 433-B, Collection Information Statement for Businesses, with attachments, detailing petitioners' personal and business finances. On Form 433-A, petitioners reported a monthly gross income of $22,433 from petitioner husband's business and the following living expenses:

| | |
|---|---|
| Food, clothing, and misc. | $1,123 |
| Housing and utilities | 1,175 |
| Transportation | 1,318 |
| Health care | 685 |
| Taxes (income and FICA) | 5,666 |
| Total living expenses | 9,967 |

Hence, petitioners calculated their disposable monthly income to be $12,466 ($22,433 - $9,967).

The settlement officer reviewed petitioners' financial information and calculated petitioners' gross monthly income to be $20,356 and, pursuant to the Internal Revenue Manual (IRM), calculated their living expenses to be as follows:

| | |
|---|---|
| Food, clothing, and misc. | $925 |
| Housing and utilities | 1,115 |
| Transportation | 1,318 |
| Health care | 108 |
| Taxes (income and FICA) | 4,263 |
| Total living expenses | 7,729 |

Hence, the settlement officer calculated petitioners' disposable monthly income to be $12,627 ($20,356 - $7,729).[1]

On January 22, 2008, a telephone CDP hearing was held; petitioners were represented by counsel. During the hearing the settlement officer proposed that petitioners pay the Internal Revenue Service (IRS) $7,700 per month over 4 years, producing total payments of $369,466. Petitioners' counsel made a counteroffer pursuant to which petitioners would make monthly payments to the IRS of $4,429 over 10 years, producing total payments of $531,480. As part of the counteroffer, petitioners agreed to sign a waiver extending the period of limitations as provided in section 6502. The settlement officer refused petitioners' counteroffer.

The settlement officer's proposal was based on national and local standards issued by the Secretary; petitioners' counteroffer was based on their actual living expenses.

_____

[1]It is unclear how the settlement officer determined petitioners' income. However, the settlement officer's reduction in petitioners' income combined with her reduction in petitioners' expenses resulted in a monthly disposable income approximately equal to that determined by petitioners.

On February 4, 2008, a manager in respondent's Appeals Office sent petitioners a Notice of Determination Concerning Collection Action(s) Under Section 6320 and/or 6330 regarding liens for 2003-2006. Attached to that notice was a copy of the settlement officer's determination letter, which stated that (1) the settlement officer verified that all legal and procedural requirements with respect to the lien were met, (2) petitioners' proposed collection alternative (i.e., petitioners' counteroffer) was rejected, and (3) the settlement officer determined that the Federal tax lien balanced the Government's need for efficient tax collection with petitioners' expectation that the collection action be no more intrusive than necessary. In rejecting petitioners' counteroffer, the settlement officer stated:

> Your * * * [representative] indicated that you were willing to pay $4,429.00 a month for the next ten years with a signed waiver extending the collection statue [sic]. The Settlement Officer advised your * * * [representative] that in accordance with IRM guidelines and the amount of your disposable income, securing a waiver to extend the statue [sic] is not warranted. The Settlement Officer advised your * * * [representative] that the proposed monthly amount for an installment agreement determined by the Appeals office would be the monthly amount recommended for an installment agreement.

On March 6, 2008, petitioners filed a petition requesting this Court to review respondent's collection determination.

## Discussion

A. <u>Standard of Review</u>

This case involves a review of respondent's determination to proceed with collection of petitioners' unpaid tax liabilities for 2003 through 2006. CDP hearings under section 6320 (regarding liens) are conducted in accordance with section 6330(c). Sec. 6320(c). After respondent issues his notice of determination following an administrative hearing, a taxpayer has the right to petition this Court for judicial review of the determination. Secs. 6320(c), 6330(d)(1). Our review of respondent's determination is subject to the provisions of section 6330.

The judicial review that we are required to conduct in section 6320/6330 cases focuses on the determination made by respondent. Because petitioners do not dispute the underlying tax liabilities for the years at issue, we review respondent's determination for abuse of discretion. See <u>Sego v. Commissioner</u>, 114 T.C. 604, 610 (2000); <u>Goza v. Commissioner</u>, 114 T.C. 176 (2000).

An abuse of discretion is defined as any action that is unreasonable, arbitrary or capricious, clearly unlawful, or lacking sound basis in fact or law. <u>Thor Power Tool Co. v. Commissioner</u>, 439 U.S. 522, 532-533 (1979); <u>Woodral v. Commissioner</u>, 112 T.C. 19, 23 (1999).

The Code authorizes respondent to enter into installment agreements with taxpayers.

> SEC. 6159.   AGREEMENTS FOR PAYMENT OF TAX LIABILITY IN INSTALLMENTS.
>
>     (a) Authorization of Agreements.--The Secretary is authorized to enter into written agreements with any taxpayer under which such taxpayer is allowed to make payment on any tax in installment payments if the Secretary determines that such agreement will facilitate full or partial collection of such liability.

Section 301.6159-1(b)(1)(I), Proced. & Admin. Regs., provides that "The director [a district director or director of a service or compliance center] has the discretion to accept or reject any proposed installment agreement."  Because respondent's acceptance or rejection of an installment agreement is discretionary, we give due deference to respondent's determination and do not decide whether in our opinion petitioners' proposed installment agreement should be accepted.  See Woodral v. Commissioner, supra at 23; Keller v. Commissioner, T.C. Memo. 2006-166, affd. in part and vacated in part 568 F.3d 710 (9th Cir. 2009).

B.  The Settlement Officer's Use of the Collection Financial Standards

Petitioners first argue that the settlement officer abused her discretion by relying on collection financial standards to calculate petitioners' monthly expenses instead of using the actual expenses petitioners reported on Form 433-A.  We are mindful that, (1) in general, respondent may rely on national and local collection financial standards published by the Secretary,

and (2) to deviate from these standards, the taxpayer is required to demonstrate he would not have adequate means to provide for his basic living expenses.  See McDonough v. Commissioner, T.C. Memo. 2006-234.  The taxpayer is required to provide reasonable substantiation and documentation with respect to such an assertion.  IRM pt. 5.8.11.2.1(4) (Sept. 23, 2008), 5.15.1.7(5) (May 1, 2004).

The settlement officer's calculation of petitioners' disposable monthly income ($12,627), using the collection financial standards, is but $161 per month greater than petitioners' calculation, using their actual monthly income and expenses.  Because the amounts of petitioners' disposable monthly income as calculated by petitioners and the settlement officer are so nearly identical, we fail to understand why petitioners are quarreling with the settlement officer's use of the collection financial standards.  Moreover, even using petitioners' calculations of expenses, payment of $7,700 monthly to the IRS, as the settlement officer advocates, would still enable petitioners to provide for their basic living expenses. We therefore cannot say that the settlement officer's use of national and local collection financial standards as published by the Secretary is unreasonable, arbitrary, capricious, or without sound basis in fact or law.

C. Respondent's Rejection of Petitioners' Counteroffer

Petitioners next argue that their counteroffer was superior to the settlement officer's proposal in that petitioners would pay more under their counteroffer than they would under the settlement officer's proposal.  Consequently, petitioners assert that their counteroffer better balances the need for the efficient collection of taxes with their legitimate concern that any collection action be no more intrusive than necessary, as provided in section 6330(c)(3)(C).  We disagree.

In his posttrial brief, respondent advances several cogent reasons for rejecting petitioners' proposed 10-year installment plan (e.g., it was not in the best interest of the Government to prolong the payoff period in view of petitioners' history of failing to pay their Federal taxes, and the settlement officer's 4-year installment agreement proposal would significantly reduce the amount of additional accruals should petitioners' pattern of failing to pay taxes continue).  Hence, we hold that the settlement officer did not act arbitrarily or capriciously in rejecting the proposed 10-year installment plan.  In sum we (1) find that the settlement officer acted reasonably in insisting on a shorter collection payment period, and (2) hold that respondent did not abuse his discretion in rejecting petitioners' counteroffer.

D. <u>Other Matters Considered at the CDP Hearing</u>

Section 6330(c)(1) and (3) provides that the settlement officer must verify that the requirements of applicable law and administrative procedure have been met and consider whether any proposed collection action balances the need for the efficient collection of taxes with the legitimate concern of the taxpayer that any collection be no more intrusive than necessary. The notice of determination states that the settlement officer verified that the requirements of all applicable law and administrative procedure were met and determined that the filing of the lien appropriately balanced the need for efficient collection of taxes with petitioners' concern that the collection action be no more intrusive than necessary. We are satisfied that the mandates of section 6330(c)(1) and (3) have been met.

We have considered all of petitioners' arguments, and to the extent not discussed herein, we find them to be without merit and/or irrelevant.

To reflect the foregoing,

<u>Decision will be entered</u>

<u>for respondent</u>.